IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EVAN H., a Minor, By and Through His Parents, KOSTA H. and LAURA H., KOSTA H. and LAURA H., Plaintiffs, v. UNIONVILLE-CHADDS FORD SCHOOL DISTRICT, Defendant. | CIVIL ACTION<br><br>No. 07-4990 |

**MEMORANDUM AND ORDER**

**Schiller, J.**                                                                                                                            **November 4, 2008**

      Plaintiffs Evan H., Kosta H., and Laura H. brought this action against Defendant Unionville-Chadds Ford School District (the "District"), alleging violations of the Individuals with Disabilities Education Act ("IDEA"), as amended, 20 U.S.C. § 1400 *et seq.* (2007) and Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 794 (2007). Currently before the Court is Plaintiffs' Motion for Preliminary Remand to the Pennsylvania Special Education Administrative Process. For the reasons discussed below, Plaintiffs' motion is denied.

**I.     BACKGROUND**

      Evan H. is a student in the District. (Due Process Appeals Panel Decision [Appeals Panel] at 1.) He was first evaluated by the District for special education services in August 2001, but was found ineligible. (*Id.*) The District instead provided a Section 504 plan, granting occupational therapy accommodations. (*Id.* at 1-2.) Evan H. received additional evaluations in subsequent years. (*Id.* at 2-3.) In May 2006, pursuant to the IDEA, he was declared eligible for an individualized education plan ("IEP") as a child with a disability. (*Id.* at 3; Def.'s Answer ¶ 2.) An initial IEP was

developed in June 2006 and subsequently revised in September 2006 and January 2007. (Appeals Panel at 3.)

On February 21, 2007 Plaintiffs filed a special education due process complaint against the District. Plaintiffs sought compensatory education; reimbursement for an independent educational evaluation ("IEE"); reimbursement for tutoring, therapy services, and a laptop computer; and an appropriate IEP for the 2007-08 school year. (Pls.' Mot. for Prelim. Remand [Pls.' Mot.] at 3.) Prior to the due process hearing, the hearing officer determined that the two-year limitations period established by the 2004 amendments to the IDEA ("IDEA-2004") limited consideration of Plaintiffs' compensatory education claims to the period from February 21, 2005 onward. (Hearing Officer's Decision at 14.) Plaintiffs sought reconsideration of the decision regarding application of the statute of limitations, but the hearing officer rejected Plaintiffs' claim that the statute of limitations did not apply and that, in the alternative, one of two statutory exceptions applied. (Def.'s Resp. to Pls.' Mot. for Prelim. Remand [Def.'s Resp.] at 2.) The hearing officer did, however, find that Plaintiffs were incorrectly denied extended school year programming ("ESY") during the Summer of 2006 and were therefore entitled to 47.5 hours of compensatory education. (*Id.* at 19; Pls.' Mot. at 3).

Plaintiffs appealed this decision to a Pennsylvania Special Education Due Process Appeals Panel. The Appeals Panel reviewed both the District's evaluations of, and provision of services to, Evan H. dating back to August 2001. (Appeals Panel at 6-11.) The panel issued its decision on August 29, 2007, upholding the hearing officer's application of the statute of limitations. (Pls.' Mot. at 3; Def.'s Resp. at 2-3.) However, the Appeals Panel also found that Plaintiffs were entitled to an additional 73.5 hours of compensatory education. (Pls.' Mot. at 4.) It determined that the District knew, or should have known, as of June 6, 2005, that the programming offered to Evan H. was

2

inappropriate and that he was eligible for an IEP.  (*Id.* at 6, 10.)

Plaintiffs filed their Complaint in this case on November 27, 2007, seeking reversal of the hearing officer and Appeals Panel's decisions.  Specifically, Plaintiffs challenge the hearing officer and Appeals Panel's applications of the statute of limitations under IDEA-2004 and their denials of additional compensatory education and reimbursements.  (Pls.' Mot. at 4.)  Defendant sought to dismiss the Complaint and the Court granted the motion in part.

In the motion currently before the Court, Plaintiffs seek a remand to the hearing officer to consider their claims prior to February 21, 2005.  (Pls.' Mot. at 2.)  Plaintiffs offer two theories in support of a remand.  First, they contend that the hearing officer and Appeals Panel incorrectly barred these claims through their allegedly retroactive application of the statute of limitations established by IDEA-2004.  Second, in the alternative, Plaintiffs contend that, even if this Court agrees that the statute of limitations applies to these claims, it should still remand the case and direct the hearing officer to accept evidence for the purpose of determining whether one or both of the exceptions to IDEA-2004's statute of limitations applies to Plaintiffs' claims.

**II.    STANDARD OF REVIEW**

The Third Circuit has recognized a court's general authority to remand to an administrative hearing officer for further proceedings, particularly for clarification of the record.  *Carlisle Area Sch. v. Scott P.*, 62 F.3d 520, 526 (3d Cir. 1995).  Remand may also be appropriate when a hearing officer applies the wrong legal standard.  *Blount v. Lancaster-Lebanon Intermediate Unit*, No. Civ.A. 03-579, 2003 WL 22988892, at *6 (E.D.Pa. Nov. 25, 2003) (citing *Carlisle Area Sch.,* 62 F.3d at 525-26).

In reviewing an IDEA administrative adjudication, this Court must give "due weight" to the factual findings of the state administrative proceedings. *See Bd. of Educ. v. Rowley,* 458 U.S. 176, 206-07 (1982). According to the Third Circuit, this "due weight" standard requires a district court to conduct a "modified de novo" review of an administrative decision. *S.H. v. State-Operated Sch. Dist.,* 336 F.3d 260, 270 (3d Cir. 2003) (citations omitted). Under this standard, factual findings from the administrative proceedings are to be considered *prima facie* correct. *Id.* If a reviewing court diverges from the administrative findings, it must explain its reasons for doing so. *Id.* Unless it can point to contrary nontestimonial extrinsic evidence on the record, the court must defer to the factual findings of the administrative adjudication. *Id.* (citing *Carlisle Area Sch.*, 62 F.3d at 529); *see also Lauren W. v. Deflaminis,* 480 F.3d 259, 266 (3d Cir. 2007) (noting with approval that the district court deferred to the hearing officer's credibility determinations). This Court exercises plenary review over the conclusions of law reached in the administrative process.

### III.   DISCUSSION

**A.   The Hearing Officer Correctly Applied the Two-Year Limitation Period to Plaintiffs' Claims**

Plaintiffs argue that the hearing officer "erroneously determined that a statutory limitation period . . . applied to limit Plaintiffs' compensatory education claims." (Pls.' Mot. at 5.) This presents a question of law, over which this Court exercises plenary review. Specifically, the Court must address the meaning and application of the following provision of IDEA-2004:

> A parent or agency shall request an impartial due process hearing within 2 years of the date the parent or agency knew or should have known about the alleged action

>  that forms the basis of the complaint, or, if the State has an explicit time limitation for requesting such a hearing under this subchapter, in such time as the State law allows.

20 U.S.C. § 1415(f)(3)(c).

This recently adopted provision has received little judicial interpretation. Those courts that have analyzed this amendment disagree on its effect. In *P.P. v. West Chester Area School District*, an Eastern District of Pennsylvania judge found that the two-year time limitation barred claims based on events that occurred more than two years prior to the date of the request for a due process hearing. 557 F.Supp.2d 648, 659-60 (E.D. Pa. 2008). The *P.P.* court declared that any claims under the IDEA should be governed not by the law in place on the date of the underlying events, but rather by the law in effect on the date when an impartial due process hearing is requested. *Id.* at 660. This reasonable interpretation was based on what the court described as a "determining factor . . . clearly written into" the statutory language, the due process hearing itself: "A parent or agency *shall request an impartial due process hearing within 2 years* of the date the parent or agency knew or should have known about the alleged action that forms the basis of the complaint . . . ." *Id.* (citing 20 U.S.C. § 1415(f)(3)(c)).

In *Tereance D. v. School District of Philadelphia*, another judge in this District addressed this same provision and concluded that, although the plaintiffs' due process complaint was filed after IDEA-2004's effective date, applying the two-year statute of limitations to claims that accrued prior to this effective date would "result[] in an impermissible retroactive effect working a manifest injustice." 570 F. Supp. 2d 739, 748 (E.D. Pa. 2008).[1] In reaching this conclusion, the *Tereance D.* court looked to Supreme Court jurisprudence regarding statutory retroactivity. *Id.* at 743.

---

[1] The *Tereance D.* court did not mention the decision in *P.P.*

The court began its analysis with the Supreme Court's decision in *Landgraf v. USI Film Products*, which outlines a two-step process for determining whether a statute applies retroactively. *Tereance D.*, 570 F. Supp. 2d at 746 (citing *Landgraf v. USI Film Prods.*, 511 U.S. 244, 265 (1994)). The first step of this process requires a court to determine whether the statute expressly provides for retrospective application. *Id. Tereance D.* rejected the claim, which had been accepted by the *P.P.* court, that the language of IDEA-2004 explicitly provides for its application to any due process hearing request made after the statute's effective date. *Id.* at 747. Instead, the *Tereance D.* court concluded that IDEA-2004 lacks any express statement regarding its effect on underlying conduct that occurred prior to its effective date. *Id.* In support of this conclusion it cited the Supreme Court's observation in *Landgraf* that "[a] statement that a statute will become effective on a certain date does not even arguably suggest that it has any application to conduct that occurred at an earlier date." *Id.* (citing *Landgraf*, 511 U.S. at 257).

Without a clear Congressional directive regarding retroactive application, the *Tereance D.* court moved to the second step of the *Landgraf* analysis: examining whether the statute, if applied to underlying conduct that predated its enactment, would have an "impermissible retroactive effect." *Id.* at 747 (citing *INS v. St. Cyr*, 533 U.S. 289, 320-21 (2001)).[2] The *Tereance D.* court's ultimate

---

[2]As the Court in *Landgraf* observed: "While statutory retroactivity has long been disfavored, deciding when a statute operates 'retroactively' is not always a simple or mechanical task." *Landgraf*, 511 U.S. at 268. Elaborating on the concept of "retroactivity," the *Landgraf* Court declared:

> A statute does not operate "retrospectively" merely because it is applied in a case arising from conduct antedating the statute's enactment . . . or upsets expectations based in prior law. Rather, the court must ask whether the new provision attaches new legal consequences to events completed before its enactment. The conclusion that a particular rule operates "retroactively" comes at the end of a process of judgment concerning the

conclusion – that applying IDEA-2004 to underlying conduct that occurred prior to its enactment would be impermissibly retroactive – relied in part on strong language from the Ninth Circuit regarding retroactivity: "A newly enacted statute that shortens the applicable statute of limitations may not be applied retroactively to bar a plaintiff's claim that might otherwise be brought under the old statutory scheme because to do so would be manifestly unjust." *Chenault v. U.S. Postal Serv.*, 37 F.3d 535, 539 (9th Cir. 1994) (citation omitted).

After considering both viewpoints, this Court agrees with Defendant that application of IDEA-2004's statute of limitations to Plaintiff's claims is not impermissibly retroactive. The cases on which the *Terance D.* Court relied, specifically *Chenault* and *Landgraf*, dealt specifically with the question of whether a changed statute of limitations period should apply retroactively to a case *currently pending*, rather than to an action, such as this, brought after the change in the statute of limitations and under the amended law. This distinction significantly impacts this Court's assessment of whether applying the statute of limitations in IDEA-2004 to Plaintiffs' own claims would be "manifestly unjust." The Supreme Court has long held that: "With reference to statutes of limitations, it is well settled that they may be modified by shortening the time prescribed, but only if this be done while the time is still running, and so that a reasonable time still remains for the

---

> nature and extent of the change in the law and the degree of connection between the operation of the new rule and a relevant past event. Any test of retroactivity will leave room for disagreement in hard cases, and is unlikely to classify the enormous variety of legal changes with perfect philosophical clarity. However, retroactivity is a matter on which judges tend to have "sound ... instinct[s]" . . . and familiar considerations of fair notice, reasonable reliance, and settled expectations offer sound guidance."

*Landgraf*, 511 U.S. at 269-70 (citations and footnotes omitted).

7

commencement of an action before the bar takes effect." *Ochoa v. Hernandez y Morales*, 230 U.S. 139, 161-62 (1913). IDEA-2004 was passed on December 3, 2004, but did not take effect until July 1, 2005, allowing nearly seven months for a claim to be raised before the new limitations period took effect. This reasonable time period provided fair notice to potential claimants for an action to be commenced prior to the law's effective date. Furthermore, a party possesses no vested right in a statute of limitations. *Pittsburgh Can Co. v. United States*, 113 F.2d 821, 824 (3d Cir. 1940); *Terry v. Anderson,* 95 U.S. 628, 633 (1877).

Plaintiffs' proposed reading of IDEA-2004, which would declare it inapplicable to claims involving underlying conduct that occurred prior to its enactment, poses another problem that Congress could not have intended. Under this reading, had Plaintiffs requested their special education due process hearing on February 21, 2008, instead of in 2007, they would be permitted to raise claims relating to conduct from the prior two years (February 21, 2006 to February 21, 2008) and claims from the period prior to July 1, 2005, the date IDEA-2004 took effect, but would be barred from raising claims based on conduct occurring between July 1, 2005 and February 21, 2006. Congress could not have intended such a bizarre outcome. For these reasons, the Court concludes that the two-year limitations period was correctly applied to Plaintiffs' claims.

> **B.     Neither the Continuing Violations nor the Equitable Tolling Doctrines Apply to Plaintiffs' Claims**

Plaintiffs contend that, even if the two-year statute of limitations applies to their claim, the hearing officer should have applied the continuing violations or equitable tolling doctrines to consider conduct preceding the limitations period. (Pls.' Mot. at 14). Plaintiffs primarily rely on the contention that "remedial federal statutes are generally subject to equitable tolling principles."

(*Id.*) Plaintiffs discuss a number of common circumstances in which the statute of limitations might be extended, including "misrepresentation by the defendant" and "active concealment." (*Id.*).

This Court agrees with other federal courts that have found that IDEA-2004 is not subject to the continuing violation or equitable tolling doctrines, but that instead, the limitations period can be extended only for one of the enumerated statutory exceptions. *See P.P.*, 557 F.Supp.2d at 661; *J.L. v. Ambridge Area Sch. Dist.*, 2008 WL 509230, at *9 (W.D.Pa. Feb. 22, 2008) ("The Court agrees with the Defendant that the Regulations firmly establish that the two exceptions specifically set forth in the statute are the exclusive exceptions to the statute of limitations . . . ."). The official comments on the regulations implementing IDEA-2004 state explicitly that the two exceptions to the limitation period provided in the statute "do not include when a violation is continuing." 71 Fed. Reg. 46540, 46697 (Aug. 14, 2006). The Senate Report on IDEA-2004 confirms this analysis, declaring that "[t]he committee does not intend that common law determinations of statutes of limitation override this specific directive [regarding the two exceptions to the limitation period] or the specific State or regulatory timeline." S. REP. NO. 108-185, at 40 (2003); *see also* 71 Fed.Reg. 46540, 46697 (Aug. 14, 2006) ("It is not necessary to clarify that common-law directives regarding statute of limitations should not override the Act or State regulatory timelines, as the commenters recommended, because the Act and these regulations prescribe specific limitation periods which supersede common law directives in this regard."). Accordingly, the hearing officer and Appeals Panel were correct in applying the two-year limitations period to Plaintiffs' claims without considering common law tolling doctrines.

    **C.**    **The Statutory Exceptions to the Limitations Period Do Not Apply in this Case**

Plaintiffs also contend that, even if the limitations period applies to their claims, the hearing

officer failed to adequately consider evidence regarding the two exceptions to this limitations period specifically provided in IDEA-2004. Section 1415(f)(3)(D) provides two exceptions to the two-year limitation period for requesting a due process hearing:

> The timeline described in subparagraph (c) shall not apply to a parent if the parent was prevented from requesting the hearing due to--
> (i) specific misrepresentations by the local educational agency that it had resolved the problem forming the basis of the complaint; or
> (ii) the local educational agency's withholding of information from the parent that was required under this subchapter to be provided to the parent.

20 U.S.C.A. § 1415(f)(3)(D).

Neither the provisions of IDEA-2004, nor the regulations interpreting the statute, outline precisely how a hearing officer must consider a claim that these exceptions apply. But, even accepting as true all the facts regarding the exceptions that Plaintiffs alleged in their Complaint and Motion to Remand, it is clear that they can not establish that either or both of the exceptions apply to their case. (Compl. at 26-28; Pls.' Mot. at 12-13.) The Court also notes that Plaintiffs ignore the fact that an exception can apply only if the District made a misrepresentation and/or withheld information and that this conduct "prevented [the parent] from requesting the [due process] hearing." 20 U.S.C.A. § 1415(f)(3)(D).

Unfortunately, neither IDEA-2004, nor the related regulations, clarify the scope of what constitutes a "misrepresentation" under the first exception. In response to comments regarding this term the regulators observed:

> We do not believe it is appropriate to define or clarify the meaning of "misrepresentations," as requested by the commenters. Such matters are within the purview of the hearing officer. If the complaining party believes that the timeline in § 300.511(e) should not apply, the complaining party would need to ask the hearing officer to determine whether an untimely due process complaint can proceed to hearing based on misrepresentations by an LEA [local education agency]. The

>hearing officer would then determine whether the party's allegation constitutes an exception to the applicable timeline.

71 Fed. Reg. 46540, 46706 (Aug. 14, 2006).

Likewise, the Third Circuit has yet to define a "specific misrepresentation" on the part of a local education agency. However, the Pennsylvania Special Education Appeals Panel has observed that, although Appeals Panel decisions are not uniform in this regard, the "majority view is that the alleged misrepresentation or withholding of information must be intentional or flagrant rather than merely a repetition of an aspect of the FAPE [free and appropriate public education] determination . . . ." *Educ. Placement of C.C.*, Spec. Ed. Op. No. 1866, at 10 (Mar. 5, 2008) (citing opinions). This Court agrees that, at the very least, a misrepresentation must be intentional in order to satisfy the first of the exceptions in IDEA-2004. Put differently, this Court holds that to show a "specific misrepresentation," Plaintiffs must establish not that the District's evaluations of the student's eligibility under IDEA were objectively incorrect, but instead that the District subjectively determined that the student was eligible for services under IDEA but intentionally misrepresented this fact to the parents.[3]

Plaintiffs' Complaint alleges that "[r]ather than acknowledging that Evan was indeed eligible for services under an IEP, the District made specific misrepresentations to the family that Evan did not qualify for services under an IEP." (Compl. ¶ 59.) Plaintiffs' interpretation of what constitutes a "specific misinterpretation" essentially restates their central argument in the Complaint, that the District "inappropriately found that [Plaintiff] did not qualify for special education services under

---

[3]Plaintiffs would have the Court read "misrepresentation" to include any occasion in which the actions of a local educational agency have failed to remedy an educational problem encountered by a student. Such an exception would swallow the rule established by the limitation period.

11

IDEA." (*Id.* ¶ 38.) As this Court interprets "specific misrepresentation," the Plaintiffs here would need to establish that the District had determined that Evan did in fact qualify for services under an IEP, but then misrepresented this to Plaintiffs by claiming that he did not qualify. Plaintiff does not allege, nor is there any evidence in the record to indicate, that this was the case. As such, this Court finds that neither the determination that Evan did not qualify for an IEP, nor the other alleged misrepresentations, constitute a "specific misrepresentation" for the purposes of IDEA-2004. Therefore, this first exception does not apply in this case.

Plaintiffs offer a similarly broad, but unconvincing, reading of the second exception to the timeline, which applies when a parent was prevented from requesting a due process hearing due to "the local educational agency's withholding of information from the parent *that was required under this subchapter to be provided to the parent*." 20 U.S.C.A. § 1415(f)(3)(D)(ii) (emphasis added). Plaintiffs' discussion – in both their Complaint and Motion to Remand – of information allegedly withheld from the Plaintiffs by the District fails to acknowledge that this provision refers only to specific information required to be provided to the parent by the relevant subchapter. (Compl. ¶ 60; Pls.' Mot. at 13.)

Another federal district court that has interpreted this provision concluded that it refers to "the procedural safeguards and prior written notice required by 20 U.S.C. § 1415(d)." *El Paso Indep. Sch. Dist. v. Richard R.*, 567 F.Supp.2d 918, 945 n. 35 (W.D. Tex. 2008). Section 1415(d), entitled "Procedural safeguards notice," states how and when a notice of these *procedural* safeguards must be made available to parents and details what information such a notice must contain. It does not refer to any of the substantive information, regarding specific services available to a student and a particular student's educational progress, referenced in Plaintiffs' Complaint and Motion. (Compl.

¶ 60; Pls.' Mot. at 13.) Another district court within the Third Circuit has similarly concluded that the withheld information referred to by the second exception represents procedural safeguards available to a parent. *D.G. v. Somerset Hills Sch. Dist.*, 559 F.Supp. 2d 484, 492 (D.N.J. 2008). These safeguards, according to that court, "includ[e] filing a complaint and requesting an impartial due process hearing," as provided for by law. *Id.*  Again, Plaintiffs have not alleged, nor does the record provide any evidence indicating, that they were not apprised of the due process complaint process.

Having analyzed the relevant subchapter referred to by the second exception this Court agrees with the conclusion reached by these two district courts. The second exception to the limitation period provided by 20 U.S.C. § 1415(f)(3)(D) refers solely to the withholding of information regarding the procedural safeguards available to a parent under that subchapter. Accordingly, Plaintiffs have not satisfied the requirements for the second exception to apply, as a matter of law.

### D.    Plaintiffs' Claims Under Section 504 do not Merit Remand

Plaintiffs also raise claims under Section 504 and allege that, despite the amendments in IDEA-2004, these claims are not subject to a statutory limitations period. (Pls.'s Mot. at 15.) Plaintiffs cite no controlling authority for this position. Given the lack of an express statute of limitations in Section 504, this court applies the most closely analogous statute of limitation under state law. *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 158 (1983); *Kingvision Pay-Per-View, Corp., Ltd. v. 898 Belmont, Inc.*, 366 F.3d 217, 220 (3d Cir. 2004) ("[W]hile courts are not required to choose a state statute of limitations period, they generally choose a state limitations period 'as a matter of interstitial fashioning of remedial details under the respective substantive federal statutes.'") (citing *DelCostello*, 462 U.S. at 160).

The Third Circuit recently declared that the two-year Pennsylvania personal injury statute of limitations represents the appropriate statute of limitations for Section 504 claims. *Disabled in Action of Pa. v. Se. Pa. Transp. Auth.* 539 F.3d 199, 208 (3d Cir. 2008) ("Accordingly, we hold that the statute of limitations applicable to claims under Title II of the ADA and Section 504 of the [Rehabilitation Act] is the statute of limitations for personal injury actions in the state in which the trial court sits. In this case, the applicable statute . . . prescribes a two-year statute of limitations."). Prior to this decision, courts in this district had routinely borrowed the two-year Pennsylvania personal injury statute of limitations. *See, e.g.*, *Toney v. U.S. Healthcare, Inc.*, 840 F. Supp. 357, 360 (E.D.Pa. 1993), *aff'd*, 37 F.3d 1489 (3d Cir. 1994); *Smith v. City of Phila.*, 345 F. Supp. 2d 482, 485 (E.D.Pa. 2004); *Barclay v. Amtrak*, 343 F. Supp. 2d 429, 433 (E.D.Pa. 2004). Given the controlling authority in the Third Circuit and the numerous prior cases in this District that have applied the two-year statute of limitations, this Court finds no merit in Plaintiffs' contention that Section 504 does not have a statutory limitations period.

Plaintiffs also argue, citing only non-controlling decisions from district courts outside the Third Circuit, that the continuing violations doctrine and equitable tolling principles are applicable under Section 504. (Pls.' Mot. at 16). Even if these doctrines do apply, Plaintiffs offer no specific facts to support the position that their case satisfies the requirements of either doctrine. "The Third Circuit has found extraordinary circumstances warranting equitable tolling in three circumstances: (1) if the defendant actively misleads the plaintiff; (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights; or (3) if a plaintiff has timely asserted his rights mistakenly in the wrong forum." *P.P.*, 557 F. Supp. 2d at 664 (citing *Miller v. N. J. Dept. of Corr.,* 145 F.3d 616, 618 (3d Cir.1998)). Given that Plaintiffs make no specific allegations, provide no evidence of

14

such extraordinary circumstances, and a review of the record offers no indication that such factors are present, this Court finds no basis for applying equitable tolling principles in this case.

Nor have Plaintiffs specifically explained what conduct constitutes a continuing violation on the part of the District. Plaintiffs' Complaint alleges that the District continually failed, since the 2000-2001 school year, to timely identify Evan as eligible for an IEP. (Compl. ¶ 3.) Even if this were true, the failure to declare Evan eligible for an IEP would represent a violation of IDEA and not of Section 504. However, this Court, giving, as it must, due weight to the factual findings of the hearing officer and the Appeals Panel, agrees with the Appeals Panel's conclusion that the District should have known or did know that Evan was eligible for an IEP no earlier than June 6, 2005. (Appeals Panel at 10); *see also P.P.*, 557 F. Supp. 2d at 664. This date is within the two-year statute of limitations. For these reasons the Court finds there is no evidence to support a finding of a continuing violation that warrants an exception to the statutory limitation period for claims under Section 504.[4]

**IV. CONCLUSION**

For the aforementioned reasons, the Court denies Plaintiffs' Motion for a Preliminary Remand. An appropriate Order Follows.

---

[4]Similarly, Plaintiffs' related assertion that their claims regarding "child find" violations are simply not subject to any statute of limitations lacks merit. They offer no controlling authority to support this contention. Given that these "child find" claims, which derive from the requirement that states have policies and procedures in place to identify students eligible for special education, 34 C.F.R. § 300.111, are brought pursuant to either the IDEA or Section 504, a statute of limitations clearly applies for the reasons already stated. *See P.P.* 557 F.Supp.2d at 665. Plaintiffs once again have failed to find a valid reason for remand.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EVAN H., a Minor, By and Through His Parents, KOSTA H. and LAURA H., KOSTA H. and LAURA H.,** | : : : | **CIVIL ACTION** |
| Plaintiffs, | : : | |
| v. | : : | |
| **UNIONVILLE-CHADDS FORD SCHOOL DISTRICT,** | : : | **No.  07-4990** |
| Defendant. | : | |

## ORDER

**AND NOW**, this **4ᵗʰ** day of **November, 2008**, upon consideration of Plaintiffs' Motion for Preliminary Remand to the Pennsylvania Special Education Administrative Process and Defendant's Response thereto, and for the foregoing reasons, it is hereby **ORDERED** that Plaintiffs Motion for Preliminary Remand (Document No. 12) is **DENIED.**

BY THE COURT:

_____
**Berle M. Schiller, J.**